UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-61872-Civ-Cohn/Seltzer

AMEKA OSBOURNE,

    Plaintiff,
v.

AIR JAMAICA,

    Defendant.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 3], Plaintiff's Response to this Court's Order to Show Cause and Response to Motion to Dismiss [DE 7], and Defendant's Reply Memorandum [DE 10]. This motion became ripe on December 2, 2010.

### I. BACKGROUND

Plaintiff filed this action on August 27, 2010 in the Circuit Court in and for Broward County, Florida, alleging breach of contract, negligence and damages under the Montreal Convention relating to an incident occurring on May 22, 2004, wherein Plaintiff found cocaine in her luggage after passing through customs from an Air Jamaica flight home to the United States. Defendant Air Jamaica removed this action to United States District Court on October 6, 2010, though it disputes proper service. Defendant has moved to dismiss Plaintiff's Complaint, based in part upon the passage of the statute of limitations (the amount of time in which a plaintiff is allowed to file suit against a defendant after the acts which give rise to the cause action occurred).

After Plaintiff, acting *pro se*, failed to respond to the motion, the Court entered an Order to Show Cause to Plaintiff directing her to respond to the motion [DE 6]. Plaintiff

timely responded to the Order to Show Cause and provided her response to the motion to dismiss.  Defendant then responded with its reply.

## II.  DISCUSSION

Florida law provides a four year statute of limitations for claims founded on negligence, Fla. Stat. § 95.11(3)(a), and a five year statute of limitations for claims based upon breach of contract.  Fla. Stat. § 95.11(2)(b).   The Montreal Convention, which governs the international carriage of persons, contains a two year limitation period.  Montreal Convention, Art. 35, text found at http://www.jus.uio.no/lm/air. carriage.unification.convention.montreal.1999/35.html.

Although not mentioned in Defendant's motion or specifically addressed in its reply, Plaintiff's response references an earlier filed state court case.  On May 22, 2008, on the last day of a four year statute of limitations, Plaintiff filed a similar lawsuit in state court.  Circuit Court in and for Broward County, Case No. 08-022961.  According to the papers attached to Plaintiff's response to the present motion, that action was dismissed in January of 2009.  Although Plaintiff filed the action pro se, she was represented by counsel at some point in 2008, prior to filing of the first lawsuit, because a demand letter from Plaintiff's counsel to Defendant is also attached to Plaintiff's response.   On May 27, 2010, Plaintiff moved the state court to reopen her case, suggesting that she waited because she believed her attorney was still negotiating with Defendant.  On June 16, 2010, the state court denied the motion and stating that Plaintiff may file a new action, specifically noting that no defenses, including the statute of limitations, were waived by defendant.

Plaintiff appears to argue in opposition to the motion to dismiss in this action that the statute of limitations should somehow be tolled during the pendency of her prior state court action.  However, even if there was authority for the Court to do so, there is an insufficient basis to toll the time after that case was dismissed in January of 2009.  Thus, the time between January of 2009 and August of 2010, when the new case was filed, must be counted, along with the four years (minus one day) from May 22, 2004 through May 22, 2008.  Therefore, more than five years of time have expired since the claim arose.  All claims in the Complaint in this action must be dismissed.

### III. CONCLUSION

The Court is not unsympathetic to Plaintiff's belief that she has been denied her day in court for what she believes are meritorious claims related to the May 22, 2004 incident.  However, the Court is bound to enforce the laws set forth by the legislative branch regarding the time in which a party may file a lawsuit for particular claims.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 3] is hereby **GRANTED, with prejudice**, because the statute of limitations bars the claims in this action.  The claims are hereby dismissed and the Clerk may close this case.

**DONE AND ORDERED** in chambers in Fort Lauderdale, Broward County, Florida, this 6th day of December, 2010.

_____
JAMES I. COHN
United States District Judge

cc:    Ameka Osbourne, pro se
       11104 S. W. 152nd Terrace
       Miami, FL 33157

       Armando Rubio, Esq. (counsel for Defendant)

3